United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,<br><br>Post-Restructuring Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Jointly Administered)<br><br>**Re: Docket No.** |

**FINAL DECREE AND ORDER (I) CLOSING CERTAIN CHAPTER 11 CASES,
(II) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES,
(III) AMENDING THE ORDER DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned Post-Restructuring Debtors for entry of a final decree and order (this "Final Decree and Order") (a) closing the chapter 11 cases of the Closing Debtors, (b) terminating certain Claims and Noticing Services provided by Epiq in connection with the Closing Cases, (c) amending the Joint Administration Order, and (d) granting related relief, as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion; and this Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The relief requested in the Motion is hereby granted as set forth herein.

2. The chapter 11 cases (the "Closed Cases") of the following Post-Restructuring Debtors (the "Closed Debtors") are hereby deemed closed as of June 30, 2025 and a final decree is deemed granted effective as of June 30, 2025:

| Case No. | Closing Debtor |
|---|---|
| 24-90532 | Physicians Network Association, Inc. |
| 24-90533 | Wellpath Holdings, Inc. |
| 24-90537 | Alpine CA Behavioral Health HoldCo, LLC |
| 24-90540 | CCS-CMGC Intermediate Holdings, Inc. |
| 24-90541 | CCS-CMGC Intermediate Holdings 2, Inc. |
| 24-90542 | CHC Companies, LLC |
| 24-90543 | Conmed Healthcare Management, LLC |
| 24-90544 | Correct Care Holdings, LLC |
| 24-90546 | Correctional Healthcare Companies, LLC |
| 24-90547 | Correctional Healthcare Holding Company, LLC |
| 24-90549 | HCS Correctional Management, LLC |
| 24-90550 | Healthcare Professionals, LLC |
| 24-90551 | Jessamine Healthcare, LLC |
| 24-90552 | Justice Served Health Holdings, LLC |
| 24-90553 | Missouri JSH HoldCo, LLC |
| 24-90554 | Missouri JSH Manager, Inc. |

| | |
|---|---|
| 24-90555 | Perimeter Hill RPA, LLC |
| 24-90556 | Wellpath CFMG, Inc. |
| 24-90557 | Wellpath Community Care Centers of Virginia, LLC |
| 24-90558 | Wellpath Community Care Holdings, LLC |
| 24-90559 | Wellpath Community Care Management, LLC |
| 24-90560 | Wellpath Education, LLC |
| 24-90561 | Wellpath Group Holdings, LLC |
| 24-90562 | Wellpath Hospital Holding Company, LLC |
| 24-90563 | Wellpath, LLC |
| 24-90564 | Wellpath Management, Inc. |
| 24-90567 | WHC, LLC |
| 24-90568 | WPMed, LLC |
| 24-90569 | Zenova Management, LLC |
| 24-90570 | Zenova Telehealth, LLC |

3. The chapter 11 case (the "Remaining Case") of Wellpath SF HoldCo, LLC (the "Remaining Debtor") shall remain open and be administered under Case No. 24-90566 under the following amended caption:

| | |
|---|---|
| In re:<br><br>Wellpath SF HoldCo, LLC,<br><br>        Post-Restructuring Debtor. | Chapter 11<br><br>Case No. 24-90566 (ARP) |

---

[1] Wellpath SF HoldCo, LLC's mailing address is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

4. Notwithstanding section 546(a) of the Bankruptcy Code, all remaining matters, including the prosecution of the Liquidating Trust Causes of Action, the Retained Causes of Action, and the final fee applications, whether or not they pertain to the Remaining Case, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closed Cases.

5. Notwithstanding anything to the contrary herein, the Liquidating Trustee shall be authorized, solely upon receiving written consent from the applicable Post-Restructuring Debtor, to name a Post-Restructuring Debtor as a nominal plaintiff in a Liquidating Trust Cause of Action,

thereby allowing, and solely to the extent required to enable, the Liquidating Trustee to pursue such Liquidating Trust Cause of Action and related claims; provided, that none of the Post-Restructuring Debtors shall have any obligation to participate or assist in any action brought in pursuit of any Liquidating Trust Cause of Action except as provided under that certain Liquidating Trust Cooperation Agreement, dated as of May 9, 2025, by and among (a) the Post-Restructuring Debtors and (b) the Liquidating Trust.  For the avoidance of doubt, nothing in this Order shall be construed to impair or otherwise limit the ability of the Liquidating Trust or the Post-Restructuring Debtors from bringing, prosecuting, or enforcing any of the Retained Causes of Action or Liquidating Trust Causes of Action, respectively, before this Court and without the need for further order or action.

6. Any objections to claims against or interests in any of the Post-Restructuring Debtors may be filed, administered, and adjudicated in the Remaining Case.

7. The failure by the Post-Restructuring Debtors, the Liquidating Trust, the Liquidating Trustee, or any entity authorized pursuant to the Plan, as applicable, to file an objection to any claim or interest in any of the Closed Cases on or prior to entry of this Final Decree and Order shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed Allowed (as defined in the Plan) against or in any Post-Restructuring Debtor.  Any objections to claims against or interest in the Closed Cases may be filed, administered, and adjudicated in the Remaining Case.

8. Entry of this Final Decree and Order is without prejudice to (a) the rights of the Liquidating Trustee, any Post-Restructuring Debtor, or any party in interest to seek to reopen a Closed Case for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Post-Restructuring Debtors to dispute, in any appropriate forum, all claims that were filed

against the Debtors or addressed by the Plan in the chapter 11 cases as contemplated by the Plan and the Confirmation Order.

9. All further reporting concerning the administration of the assets and liabilities of the Post-Restructuring Debtors shall occur only in the Remaining Case.

10. The Clerk of this Court shall enter this Final Decree and Order individually on each of the dockets of the Closed Cases and each of the dockets of the Closed Cases shall be marked as "Closed."

11. To the extent that any Proofs of Claim assert claims against, or interest in, the Closed Cases, they shall remain unaffected by entry of this Final Decree and Order; *provided*, that all such Proofs of Claim shall be administered in the Remaining Case without prejudice to the rights of any claimant related thereto.

12. The Closed Debtors shall, within 30 days after entry of this Final Decree and Order, (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) and (b) serve copies of all post-confirmation reports on the U.S. Trustee. Entry of this Final Decree and Order is without prejudice to the rights of the U.S. Trustee to seek the reopening of a Closed Case to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

13. The Claims and Noticing Services are terminated in connection with the Closed Cases in accordance with the Motion. Thereafter, except as otherwise expressly set forth herein or in the Epiq Retention Order, the Claims and Solicitation Agent shall have no further obligations to this Court, the Closed Debtors, or any other party in interest with respect to the Claims and Noticing Services in the Closed Cases.

14. Should the Claims and Solicitation Agent receive any mail regarding the Closed Debtors after entry of this Final Decree and Order, the Claims and Solicitation Agent shall collect and forward such mail (no less frequently than on a monthly basis) to the Remaining Debtors at the following address (or such other address as may be subsequently provided by the Remaining Debtors to Epiq):  Matthew J. Dundon, Trustee, Wellpath Liquidating Trust, 10 Bank Street, Suite 1100, White Plains, New York, 10606, Attn:  Matthew J. Dundon.

15. The Post-Restructuring Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Final Decree and Order without seeking further order of this Court.

16. Notwithstanding the entry of this Final Decree and Order, pursuant to the Plan, this Court shall retain jurisdiction to hear and determine all matters arising from, arising under, or related to these chapter 11 cases and the Plan, to the fullest extent permitted by law, including, without limitation, to enforce the Confirmation Order and this Final Decree and Order.

Signed: July 01, 2025

Alfredo R Pérez
United States Bankruptcy Judge